# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 25-5010**

**September Term, 2024**

**1:24-cv-02810-UNA**

**Filed On:** June 26, 2025

Brandon Price,

        Appellant

    v.

Federal Communication Commission, et al.,

        Appellees

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Henderson, Wilkins, and Childs, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's dismissal of this case be affirmed. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Although the Supreme Court in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), "recognized an implied cause of action under the Constitution for monetary damages against federal officials sued in their individual capacities," Bivens does not provide an exception to sovereign immunity for "claims against officials sued in their official capacities." Jibril v. Mayorkas, 101 F.4th 857, 870–71 (D.C. Cir. 2024). Nor does this case present "the most unusual circumstances" in which this court may recognize a Bivens remedy for claims against federal officials in their individual capacities. Egbert v. Boule, 596 U.S. 482, 486 (2022). Lastly, although the Administrative Procedure Act waives sovereign immunity for certain non-monetary claims against the government, appellant's request for an injunction fails because he has not shown that appellees failed to take any action that was "legally required" at the time that he filed his complaint. Norton v. S. Utah Wilderness All., 542 U.S. 55, 63 (2004).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-5010**                    **September Term, 2024**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk